# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF PENNSYLVANIA

YEISY ROJAS RODRIGUEZ,

                       Plaintiff,          :

    -against-

INDIMORE MUSIC, INC.,                 :   **CIVIL COMPLAINT**

                      Defendant.

No. 26-cv- _____ (    )

_____   **JURY TRIAL DEMANDED**

TO THE HONORABLE COURT:

COMES NOW your Plaintiff, YEISY ROJAS, a/k/a YEISY ROJAS RODRIGUEZ ("YEISY"), who through her counsel, Simon J. Rosen, Esq., of Law Office of Simon Rosen, PLLC, respectfully Complains as follows:

## THE PARTIES

1. Plaintiff YEISY ROJAS a/k/a YEISY ROJAS RODRIGUEZ ("YEISY") is an international musical recording artist, performer and songwriter, currently a citizen of Norway, with her business address located at Rådyrlia 2A, 1270 Oslo, Norway; YEISY conducts business in this District; she is a Grammy Award nominee in 2024 and 2026, whose original recordings are available for sale, streaming, downloading, and exhibition throughout this District, and who conducts business on a regular basis throughout the United States.

2. Defendant INDIMORE MUSIC, INC. ("INDIMORE") is a Delaware corporation, entity File number 3329961, formed on July 28, 2020, with its registered address at c/o Harvard Business Services, Inc., 16192 Coastal Highway, Lewes, DE 19958-3608.

3. Defendant INDIMORE holds itself out as an ally to creative professionals in the music industry, promising to assist singers, performers, songwriters, musicians, and recording artists to help them succeed in the music business; in regard to Plaintiff, Defendant's conduct did nothing of the sort.

4. At all times material hereto, the Defendant INDIMORE acted on its own behalf, and/or through the acts of its respective agents, servants, employees, representatives and the like, acting within their course of employment and/or agency and scope of duties.

**COUNT I**
**DECLARATORY ACTION SEEKING COURT ORDER DECLARING THAT DEFENDANT INDIMORE HAS NO RIGHTS IN REGARD TO PLAINTIFF YEISY ROJAS's INTELLECTUAL PROPERTIES**
**(NO EXISTENCE OF EXPRESS AGREEMENT, OR ORAL OR WRITTEN AGREEMENT)**

5. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2)g

6. Venue is proper pursuant to the Federal Rules of Civil Procedure.

7. In November of 2023, Plaintiff, and Defendant's representative, communicated by email in regard to Defendant INDIMORE helping Plaintiff YEISY place her original musical composition titled, "MAMA INES" in a television show or film; in the music industry, placing a song in television or film requires obtaining a "synchronization license" a/k/a "synch license"

8. On November 19, 2023, after initial communication, Defendant's Chief Executive Officer, Adam Porter-Blake, communicated to Plaintiff by Email, confirming that Defendant INDIMORE was, "thrilled to include 'Mama Ines" in our sync master catalog, . . . presented to 250+ film and tv projects, . . . enabling you to potentially connect you with an even larger audience". See Exhibit P-1 attached.

9. Defendant provided a link for Plaintiff to "sign-up" to allow INDIMORE to be authorized to seek to place Plaintiff's song "Mama Ines" in a tv show or film. Id.

10. Plaintiff received a questionnaire form online to fill out,  with information, in regard to her original song "Mama Ines"; Plaintiff clicked a link, which Plaintiff was led to believe would confirm that INDIMORE could work to place "Mama Ines" in a tv show or film; instead, after clicking the link, language came up alleging that Plaintiff signed some sort of  "exclusive agreement", however Plaintiff never had seen, read, or agreed to any such exclusive agreement.

**11. Plaintiff never entered into any express agreement, written or oral, with Defendant, of any kind; Plaintiff had merely "inquired" about the "possibility" of Defendant placing Plaintiff's song, "Mama Ines" in a tv show or film..**

12. As Plaintiff's popularity grew due to her self-promotion and hard work, and also aided by the success of her Grammy-nominated  original recording, "Inmigrante Y Que", Plaintiff became aware that Defendant INDIMORE was posting images of Plaintiff's likenesses throughout the internet, on INDIMORE's website and on other internet platforms, **without Plaintiff's consent**. See for example, Exhibit P-2.

13. Further, INDIMORE has alleged, and continues to claim, that Plaintiff is contractually obligated to Defendant INDIMORE for some sort of agreement that Plaintiff never agreed to, nor had the opportunity to see; further, INDIMORE has claimed that Plaintiff YEISY is on INDIMORE's "Roster" of artists, **all without Plaintiff YEISY's consent**.

14. In fact YEISY is not on INDIMORE's roster of artists, as YEISY never entered into any contractual agreement with INDIMORE placing YEISY on INDIMORE's "roster".

15. INDIMORE's false representations and assertion that YEISY's recordings and underlying musical compositions are under contract to INDIMORE has caused great damage and loss of earnings to YEISY.

16. As a result of YEISY's conduct, third parties desirous of securing written agreements

with Plaintiff for the rights to YEISY's newly recorded sound recordings, underlying musical

compositions, and other additional intellectual properties (including photographs, music videos,

potential singles, potential EPs, potential LPs) cannot and will not enter into a contractual

relationship with YEISY because INDIMORE holds itself out as owning and or controlling these

rights.

17. INDIMORE's claims, upon information and belief, have caused lost earnings to YEISY

in excess of Seventy-Five Thousand Dollars ($75,000).

18. On February 27, 2026, Plaintiff sent Defendant a Cease & Desist Notice

correlative with the allegations set forth in the Complaint – see Exhibit P-3.

19.  Defendant failed to comply with the Cease and Desist demand.

20.  Plaintiff properly and lawfully seeks Declaratory Relief, in the form of a Court Order

declaring that Defendant INDIMORE possesses no rights whatsoever in regard to YEISY, and,

to wit, that the parties never entered into any Agreement with each other, albeit oral or written;

Plaintiff further seeks Defendant's publication, on its website, in a prominent manner, stating

that Plaintiff was never on the roster of Defendant

21. Through discovery, it may be demonstrated that the conduct of INDIMORE was

outrageous, intentional, willful, wanton, and with reckless disregard of Plaintiff's rights, which if

proven true, shall entitle Plaintiff to an award of punitive damages.

22.  Your Plaintiff is entitled to Declaratory Relief as requested hereinabove.

WHEREFORE, on Count I, plaintiff YEISY ROJAS a/k/a YEISY ROJAS RODRIGUEZ

demands judgment in her favor, and against defendant INDIMORE MUSIC, INC., as follows;

A)  A Court Order declaring that there is no lawful agreement entered into between

Plaintiff YEISY and  Defendant INDIMORE, oral or written; and as such, Defendant shall be required to remove any and all references to Plaintiff YEISY from all of its internet content, including its website, social media, and digital service platforms; and,

B) Defendant INDIMORE shall forthwith provide a written letter to Plaintiff's counsel, to be published prominently on Defendant's website, stating that Plaintiff YEISY ROJAS a/k/a YEISY ROJAS RODRIGUEZ has never been under any contractual obligation to INDIMORE MUSIC, INC.;

C) Reasonable counsel fees and costs; and,

D) Such other and further relief as this Court may deem proper.

## COUNT II

### UNAUTHORIZED USE OF NAME OR LIKENESS

### (VIOLATION OF 42 PA.CSA SEC. 8316)

23.  Paragraphs 1 through 22 are incorporated by reference as though fully set forth herein and made a part hereof.

24. Pennsylvania Statutes Title 42, Section 8316(a), "Unauthorized Use of Name or Likeness" mandates that,

> **"Any natural person whose name or likeness has commercial value and is used for any commercial or advertising purpose without the written consent of such natural person or the written consent of any of the parties authorized in subsection (b) may bring an action to enjoin such unauthorized use and to recover damages for any loss or injury sustained by such use.**"

25. Applying the law to the facts, Plaintiff YEISY's name, and likenesses were used by Defendant INDIMORE for its own  promotional, marketing, and advertising self-interest, to bolster INDIMORE's credibility, stature, and standing, which Plaintiff's name and likeness was commercially featured on INDIMORE's website, social media, digital platforms, inter alia.

26. In fact,  Defendant's widespread commercial utilizations of YEISY's name and likeness made her, in essence, the " poster child" for INDIMORE.

27. YEISY did not provide written consent for use of her name and likeness for Defendant's own commercial promotion, marketing and advertising purposes, nor was she paid any monetary consideration for sponsorship or endorsement purposes.

28. As a direct and proximate result of Defendant's violation of this statute, Plaintiff is entitled to damages in excess of Seventy-Five Thousand Dollars  ($75,000).

29. Additionally, pursuant to the statute, Plaintiff is entitled to a permanent injunction prohibiting Defendant INDIMORE to use YEISYs name and likeness for any commercial purposes whatsoever.

30. Defendant is liable to Plaintiff for violation of 42 Pa.CSA Sec. 8316.

WHEREFORE, on Count II,  plaintiff YEISY ROJAS a/k/a YEISY ROJAS RODRIGUEZ  demands judgment in her favor, and against Defendants INDIMORE, INC. as follows:

A)  Compensatory damages in excess of $75,000;

 B) Consequential and incidental damages, including but not limited to lost business opportunities, cancelled contractual negotiations with third parties, and lost prospective business agreements, for sums to be proven at trial;

C)  Issuance of a permanent injunction prohibiting Defendant from using Plaintiff's name and/or likeness for any commercial purpose;

D)  Reasonable counsel fees and costs; and

E)  Such other and further relief as this Court may deem proper.

## COUNT III

### MISAPPROPRIATION OF PUBLICITY AND PRIVACY UNDER
### PENNSYLVANIA COMMON LAW

31. Paragraphs 1 through 30 are incorporated by reference as though fully set forth herein

and made a part hereof.

32. The use by Defendant of Plaintiff's name and likeness without her consent violates Pennsylvania's common law tort of misappropriation of publicity and privacy.

33. Defendant has no First Amendment right protection as a defense to its unlawful therefore this Court need not apply the Transformative Use Test which is employed by this Circuit in appropriate circumstances.

34. As a result of Defendant's wrongful misappropriation of Plaintiff's right to publicity and privacy under Pennsylvania common law, Plaintiff is entitled to monetary damages for a sum to be proven at trial.

WHEREFORE, on Count III, plaintiff YEISY ROJAS a/k/a YEISY ROJAS RODRIGUEZ demands judgment in her favor and against Defendant INDIMORE, as follows:

A. Compensatory damages for a sum to be proven at trial;

B. Consequential and incidental damages, including but not limited to lost business opportunities, cancelled contractual negotiations with third parties, and lost prospective business agreements, for sums to be proven at trial;

C. Interest and costs; and

D. Such other and further relief as this Court may deem proper.

## COUNT IV

### UNJUST ENRICHMENT

35. Paragraphs 1 through 34 are incorporated by reference as though fully set forth herein and made a part hereof.

36. By Defendant's posting Plaintiff's name and likeness and on its website, social media, digital service platforms, and throughout the internet, Defendant was unjustly enriched.

37. Defendant received the benefit of having a talented, attractive, 2-time Grammy nominee appearing throughout the world, including this District, appearing as if she was under

the dominion and control of Defendant, or as Defendant put it, on "Defendant's roster"; when in actuality Plaintiff was and has always been an independent artist.

38.  Plaintiff received the detriment of being marketed, promoted and advertising according **to the whim of Defendant**, without any input or creative expression; further Defendant's promotion, marketing and advertising of Plaintiff without her consent, created a "chilling effect" on Plaintiff's ability to attract multiple suitors for her professional services as a singer, performer, songwriter, and recording artist, because Defendant's conduct created the false impression that Defendant was already locked into agreement(s) with Defendant, which was untrue.

39. Accordingly, based upon the above facts, Defendant is liable to Plaintiff for actionable unjust enrichment.

WHEREFORE, on Count IV,  Plaintiff YEISY ROJAS a/k/a YEISY ROJAS RODRIGUEZ demands judgment in her favor and against Defendant INDIMORE as follows:

    A.   The sum to be proven at trial for the "quantum meruit" benefit bestowed upon Defendant as a result ts unjust enrichment;

    B) Consequential and incidental damages, including but not limited to lost business opportunities, cancelled contractual negotiations with third parties, and lost prospective business agreements, for sums to be proven at trial;

    C)  Interest and costs; and

    D)  Such other and further relief as this Court may deem proper.

## COUNT V: RESTATEMENT (SECOND) OF TORTS § 652E- INVASION OF PRIVACY- FALSE LIGHT

40. Paragraphs 1 through 39 are incorporated by reference as though fully set forth herein and made a part hereof.

41 Restatement (Second) of Torts, Section 652E- Invasion of Privacy, False Light, which has been adopted by the Commonwealth of Pennsylvania, and applicable case law, espouses that that elements of invasion of privacy, false light are:

    a) Intrusion upon one's privacy;

    b) Appropriation of name or likeness without consent,

    c) Publicity given to private life, and,

    d) Publicity placing a person in false light.

See, e.g., *Marks v. Bell Telephone Co. of Pa.,* 460 Pa. 73, 331 A.2d 424 (1975).

42. "Under Section 652E of the Restatement (Second) of Torts, the tort is defined as follows:

One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if

(a) the false light in which the other was placed would be highly offensive to a reasonable person, and

(b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed."

See also *Larsen v. Philadelphia Newspapers*, 543 A. 2d 1181 (Pa. Super. 1988).

43. Applying the law to the facts, Defendant is liable to Plaintiff for invasion of privacy, false light because:

    a) Defendant publicly posted photographs of Plaintiff's likenesses, and private facts about Plaintiff, throughout the internet , on many different websites and social media platforms, without Plaintiff's consent, throughout the world, throughout the United States, and throughout this District;

b) Defendants intentionally and/or recklessly represented to the world that Plaintiff was on Defendant's "roster" of recording artists, creating the false impression that Plaintiff, a Grammy's nominated artist, was exclusively affiliated and tied to Defendant INDIMORE;

c) At the time of Defendant's tortious conduct, Plaintiff was seeking to align herself with a major recording company (such as SONY, WARNER, or a division thereunder), or a major publishing company (such as SONY, WARNER, or a division thereunder).

d) Defendant was well-aware that its conduct would create the false impression that Plaintiff was tied to INDIMORE, a company virtually unknown throughout this District, throughout the United States, and throughout the world.

44. Plaintiff suffered monetary damages because Defendant falsely portrayed her as being tied to INDIMIORE and on Defendant's roster;  Defendant has **less than 275 followers** on Instagram major social media platform; by contrast, SONY Music has **875,000 followers**, and Warner Music/Warner Records have a combined total of **795,000** followers on Instagram

45. Plaintiff further suffered monetary damages because, inter alia,  various third parties in the music business have withdrawn contractual offers because of the fact that they believe that she is already under contract to INDIMORE because of Defendant's improper postings.

46. Defendant is liable to Plaintiff for invasion of privacy, false light.

WHEREFORE, on Count V,  Plaintiff YEISY ROJAS a/k/a YEISY ROJAS RODRIGUEZ demands judgment in her favor and against Defendant INDIMORE as follows:

A. Compensatory damages for a sum to be proven at trial;

B) Consequential and incidental damages, including but not limited to lost business opportunities, cancelled contractual negotiations with third parties, and lost prospective

business agreements, for sums to be proven at trial;

C)  Interest and costs; and

D)Such other and further relief as this Court may deem proper.

Dated: As of this 24th day of April, 2026         Respectfully submitted,


**LAW OFFICE OF SIMON ROSEN, PLLC**

**By: /Simon J. Rosen, Esq./  (#6279)**
   Counsel for YEISY ROJAS a/k/a
   YEISY ROJAS RODRIGUEZ
   Plaintiff

 PA ATTY ID NO. 38603
128 Greenwood Avenue, 2nd Floor
Wyncote PA 19095
Tel. w (215)564-0212
    c (215)519-9514
Email: simononkey@aol.com