**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **YEISY ROJAS RODRIGUEZ,**<br>*Plaintiff,*<br>**v.**<br>**INDIMORE, INC.,**<br>*Defendant.* | **CIVIL ACTION NO. 26-2723** |

**MEMORANDUM RE: JURISDICTIONAL DISCOVERY**

**Baylson, J.** **August 19, 2026**

## I. INTRODUCTION

Plaintiff Yeisy Rojas Rodriguez ("Plaintiff"), a musical artist, brings this action against Defendant Indimore, Inc. ("Defendant"), a music publishing company. Plaintiff alleges that Defendant misappropriated her rights of publicity and privacy and was unjustly enriched when Defendant claimed her as one of its artists and posted images of her on its website and social media without authorization. ECF 9 ("Am. Compl.").

Defendant has moved to dismiss the Amended Complaint for lack of personal jurisdiction, improper venue, and failure to state a claim. ECF 18 ("Mot."). In response, Plaintiff requests jurisdictional and venue discovery. ECF 22 ("Opp.") at 15. For the following reasons, the Court **GRANTS** Plaintiff sixty (60) days to conduct jurisdictional discovery.

## II. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff Yeisy Rojas Rodriguez is an international musical recording artist, performer and songwriter, and two-time Grammy Award nominee. Am. Compl. ¶ 1. She is a citizen of Norway

but alleges to conduct business in this District and that her recordings are available for sale, streaming, and download here. Id.

On May 26, 2026, she filed an Amended Complaint against Defendant Indimore, Inc., a music publishing company incorporated in Delaware. Id. She alleges that in November of 2023, she communicated with a representative of Defendant about obtaining a synchronization license to place one of her original compositions in a television show or film. Am. Compl. ¶ 7. Defendant's CEO, Adam Porter-Blake, emailed Plaintiff on November 19, stating that Defendant was "thrilled to include [her song] in [its] sync master catalog" and provided a link for her to "sign-up," to authorize Defendant to seek placement of Plaintiff's song in a tv show or film. Am. Compl. ¶¶ 8–9. Plaintiff alleges to have clicked the link and checked a box representing she was interested in having her song placed in a television show or film. Am. Compl. ¶ 10. Defendant then forwarded the terms and conditions of an Agreement that Plaintiff alleges she never saw, read, or understood. Am. Compl. ¶ 11.

Defendant now claims contractual rights to Plaintiff's recordings and underlying musical compositions. Am. Compl. ¶ 14. It has listed Plaintiff as an artist on its "roster" of recording artists and has posted images of her on its website and social media. Am. Compl. ¶¶ 13–14. Plaintiff, in turn, alleges that she never entered into any contractual relationship with Defendant and claims damages from lost opportunities to secure agreements with third parties who are interested in her intellectual property, but are not willing to contract with her because Defendant claims it owns certain rights. Am. Compl. ¶¶ 15–17.

Plaintiff pleads four counts in the Amended Complaint: a declaratory order that there is no lawful agreement between the parties and Defendant has no rights to any of her intellectual property (Count I); unauthorized use of her name and likeness under Pa. Cons. Stat. § 8316 (Count

II); misappropriation of publicity and privacy under Pennsylvania common law (Count III); and unjust enrichment (Count IV). Am. Compl. ¶¶ 1–40.

On July 2, 2026, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6). Mot. Plaintiff filed a Response in Opposition requesting that should the Court dismiss the case, the Court grant leave for jurisdictional and venue discovery. Opp. at 15. Defendant filed a Reply Brief. ECF 25 ("Reply").

## III. PARTIES' CONTENTIONS

### A. Personal Jurisdiction

Defendant contends that this Court lacks personal jurisdiction over it under either a theory of general jurisdiction or specific jurisdiction. Mot. at 4. Defendant argues there is no basis for general jurisdiction because it is not incorporated in Pennsylvania, does not maintain its principal place of business in Pennsylvania, and does not sufficiently operate in Pennsylvania. Mot. at 5. As for specific jurisdiction, Defendant argues that none of the parties' interactions have any connection to Pennsylvania: Plaintiff indicated she was a resident of Norway during their communications, she never mentioned being physically present in Pennsylvania, and none of Defendant's advertising or promotional work involving Plaintiff targeted Pennsylvania. Id. at 5–6.

Plaintiff responds that Defendant has purposefully availed itself of the privilege of conducting business in Pennsylvania. Opp. at 10. She argues, first, that Defendant collects performance royalties from artists who perform in Pennsylvania, pointing to a screenshot showing that one artist on Defendant's roster performed in the state (ECF 23, Ex. P-3). Id. at 7, 11. Second, she argues that Defendant is entitled to receive royalites for at least 639 songs (ECF 23, Ex. P-4)

and argues that given the "multitude of songwriters who own or license the rights to these 639 songs, it is probable that several are located in Pennsylvania." Id. at 8.

In its Reply Brief, Defendant argues that Plaintiff has "abandoned" any argument that general personal jurisdiction exists. Reply at 3. As to specific jurisdiction, Defendant contends that Plaintiff's argument in favor of specific personal jurisdiction "relies entirely on a flawed premise: if Defendant provided any service whatsoever to an artist [Defendant receives royalties for], and that artist ever performed live in Pennsylvania," Defendant is subject to specific personal jurisdiction in Pennsylvania as to Plaintiff's claims. Id. at 4. Defendant notes that it is the artists, not the Defendant, who make decisions about where they perform. Id. at 5. Defendant also contends that Plaintiff has yet to explain how her claims regarding the enforceability of the Agreement and Defendant's alleged unauthorized use of Plaintiff's likeness arise out of or relate to Defendant's activities in Pennsylvania as Plaintiff does not allege that she performed live in Pennsylvania or generated royalties here. Id. at 6–7.

### B. Improper Venue

Defendant next argues the case should be dismissed for improper venue under §1391(b)(2), because no "relevant" event giving rise to Plaintiff's claims occurred in this District. Mot. at 6–7. Specifically, this District has no connection to the parties' interactions with each other, as Defendant has no presence in or connection to Pennsylvania and Plaintiff resides in Norway. Id.

Plaintiff responds there is proper venue instead under §1391(c)(3), which allows foreign companies to be subject to venue in any district in the United States. Opp. at 12–13. She alleges this provision applies because Defendant's CEO may be a citizen of Switzerland and Defendant may be owned by a foreign company. Id. Plaintiff also notes that her arguments for personal jurisdiction similarly support a basis for venue. Id.

Defendant replies that §1391(c)(3) does not apply here, because it is a Delaware corporation. Reply at 9. Further, because Plaintiff has failed to establish relevant contacts for personal jurisdiction, venue cannot be proper on personal jurisdiction grounds. Id. at 10.

**C. Jurisdictional Discovery**

Finally, Plaintiff contends that if the Court grants Defendant's Motion to Dismiss for lack of personal jurisdiction and improper venue, it should also grant Plaintiff leave to conduct jurisdictional and venue discovery. Opp. at 15.

Defendant responds that jurisdictional discovery is inappropriate, because Plaintiff has not alleged any facts to show the possible existence of contacts between itself and Pennsylvania. Reply at 13. It notes that a summary request for jurisdictional discovery, without more, does not warrant discovery. Id.

## IV. DISCUSSION

**A. Legal Standard for Jurisdictional and Venue Discovery**

"[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 336 (3d Cir. 2009) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13 (1978)). So long as a plaintiff's claim is not "clearly frivolous" as to personal jurisdiction or venue, courts should "ordinarily" allow discovery. Id. at 336; Ameranth, Inc. v. Doordash, Inc., No. CV 22-1776, 2025 WL 489654, at *6 (W.D. Pa. Feb. 13, 2025). At a minimum, however, a plaintiff must present factual allegations showing with "reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003) (quoting Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992)); Ameranth, 2025 WL 489654, at *6.

Jurisdictional discovery is particularly appropriate where the defendant is a corporation, since establishing jurisdiction over corporations can be "difficult" for plaintiffs. Metcalfe, 566 F.3d at 336. Courts have accordingly favored discovery in such circumstances, noting that "[a] plaintiff who is a total stranger to a corporation should not be required, unless he has been undiligent, to try such an issue on affidavits without the benefit of full discovery." Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances, 723 F.2d 357, 362 (3d Cir. 1983) (quoting Surpitski v. Hughes-Keenan Corp., 362 F.2d 254, 255 (1st Cir. 1996)).

**B. Jurisdictional and Venue Discovery is Warranted**

Jurisdictional and venue discovery is warranted here. In response to Defendant's motion, Plaintiff submitted several exhibits establishing, with "reasonable particularity," a connection between Defendant and Pennsylvania. She submitted a screenshot showing that an artist on Defendant's roster performed at a venue in Pennsylvania, which, she argues, demonstrates that Defendant earns revenue from performances in Pennsylvania. She also submitted a screenshot showing that Defendant holds rights to 639 songs and argues that given the number of songwriters who own and license those rights, Defendant likely profits from the work of Pennsylvania residents.

Taking her allegations and evidence as true, Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992), Plaintiff shows that Defendant may profit from activities in Pennsylvania and raises the possibility that Defendant may have business strategies aimed at Pennsylvania's market. And because Plaintiff alleges that her own recordings are available for sale, streaming, and download in this District, it is possible that Defendant posted her name and likeness on its internet platforms with Pennsylvania's markets in mind. To be sure, Plaintiff's evidence falls well short of definitive proof that Defendant has targeted Pennsylvania, and she points to only a single artist on Defendant's roster who performed in the state. But the "reasonable

particularity" standard does not demand extensive evidence. In Toys "R" Us, for instance, the court held that a defendant corporation's two documented sales to New Jersey residents were enough to show the possible existence of contacts and warrant discovery. Toys "R" Us, 318 F.3d at 457.

Moreover, jurisdictional discovery is especially appropriate here because Defendant is a corporation and is likely the only party to have information concerning its business activities and where they are intentionally directed. Discovery would give Plaintiff insight into Defendant's business plans and advertising strategy, its financial relationship with Pennsylvania, and whether its engagement with Plaintiff was undertaken with Pennsylvania in mind. Since this information would otherwise be unavailable to Plaintiff, the Court grants discovery.[1]

## V. CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff sixty (60) days to conduct jurisdictional discovery. An appropriate **ORDER** follows detailing the procedure by which the jurisdictional discovery is to take place.

[1] The undersigned notes a recent opinion of this Court in which the Court held, after previously dismissing claims against individual defendants for lack of personal jurisdiction, that further discovery proceedings illuminated individual defendants' additional contacts with Pennsylvania that related to plaintiff's conspiracy claim. Levy v. HFactor, Inc. et al., No. CV 24-4160, 2026 WL 2020457, at *2 n. 1 (E.D. Pa. July 13, 2026) (Baylson, J.).